IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**AFG SURETY GROUP, INC.,**
**Plaintiff**

v.                                                                                            **CIVIL NO. 06-1622(DRD)**

**ST. PAUL/TRAVELERS**
**COMPANIES, INC., et al.,**
**Defendants**

## ORDER

The instant case was filed on May 18, 2006, before the Puerto Rico Court of First Instance, San Juan Part, Civil Case No. KAC06-2897(901). Summons and Copy of the Complaint were served upon the individual co-defendants as follows: The St. Paul Travelers Companies, Inc., on May 22, 2006; The St. Paul Fire and Marine Insurance Company, on May 23, 2006; Seaboard Surety Company, on May 23, 2006; and United States Fidelity and Guaranty Company, on June 6, 2006. On June 21, 2006, instant co-defendants filed before this District Court a Notice of Removal asserting that the instant case was removable due to the complete diversity amongst the litigants and because the amount sought as remedy exceeds the statutory minimum.[1]

From the face of the complaint, it can be asserted that the instant action seeks compensatory damages as a result of an alleged violation under Puerto Rico Dealer's Contracts Act, Local Law No. 75, and for damages for breach of contract and an alleged contractual bad faith and unfair business practices. Further, it can be asserted that plaintiff seeks compensatory damages in excess of Four Million Dollars ($4,000,000.00) hence surpassing the statutory amount. The Court holds that there is a *prima facie* showing of federal jurisdiction and that complete preemption may exist in accordance with 28 U.S.C.A. §§ 1332, and 1441therefore, the instant case shall be removed to this Court.[2]

---

[1] Co-defendants sustain that The St. Paul Travelers Companies, Inc., was and now is a corporation organized, formed and incorporated in and under the laws of the State of Minnesota, with principal place of business also in Minnesota. Similarly, defendant St. Paul Fire and Marine Insurance Co., was and now is a corporation organized, formed and incorporated in and under the laws of the State of Minnesota, with principal place of business also in Minnesota. Likewise, co-defendant Seaboard Surety Company, was and now is a corporation organized formed and incorporated in and under the laws of the state of New York, with principal place of business also in New York. Finally, co-defendant United States Fidelity and Guaranty Company, was and now is a corporation organized, formed and incorporated in and under the laws of the state of Maryland, with principal place of business also in Maryland. Similarly, co-defendants sustain that plaintiff is a corporation organized, formed and incorporated in and under the laws of the Commonwealth of Puerto Rico, having its principal place of business in the Commonwealth of Puerto Rico.

[2] However, the Court notes that, in its relevant parts, the diversity statute, 28 U.S.C. §1332(c)(1) provides: "... that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and

Further, the State Court is forewarned that the filing of a Notice of Removal together with proper notice to adverse parties and to the Clerk of the State Court perfects the removal. From this moment on "the State court shall proceed no further unless and until the case is remanded". 28 U.S.C.A. §1446(d); *Polyplastics Inc. v. Transconex Inc.*, 713 f.2d 875 (1st Cir. 1983). The removal of the claim automatically stays State proceedings. Therefore, post removal proceedings at the State Court are void and subject annulment and to potential sanctions. *Polyplastics Inc. v. Transconex Inc.*, at 880.

The Court hereby **GRANTS** the Defendant's *Notice of Removal* (Docket No. 1). The Clerk of the Court is **INSTRUCTED** to notify this Order to the Plaintiff's counsel via Certified Mail and Return Receipt to the following address: Giancarlo Font-Garcia, ESQ., PO Box 9024081, San Juan, Puerto Rico, 00902-4081. Further, the Court **GRANTS** the plaintiff until **August 14, 2006,** to appear before this Court with a counsel dully admitted to this Bar. Further, should plaintiff have a jurisdictional challenge relating to the complete diversity of the litigants, said jurisdictional challenge shall be raised by motion **on or before August 14, 2006**. **Plaintiff is forewarned that failure to appear with a counsel duly admitted to this Bar within the deadline herein provided may result in the imposition of sanctions which may amount to the dismissal WITH or WITHOUTPREJUDICE of the instant complaint.** Finally, defendants are **ORDERED** to file copy of this Order at the Puerto Rico Court of First Instance, San Juan Part, Civil Case No. KAC06-2897(901), on or before the **14th day of July 2006**. An informative motion shall be filed by defendants **on or before July 17, 2006,** evidencing compliance with this Order.

An Initial Case Management and Scheduling Conference shall be scheduled promptly after plaintiff makes its initial appearance before this Court.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 12TH day of July 2006.

                                              **S/DANIEL R. DOMINGUEZ**
                                              **DANIEL R. DOMINGUEZ**
                                              **U.S. DISTRICT JUDGE**

---

of the State where it has its principal place of business."